UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
TERRANCE DIXON,

               Plaintiff,

        v.

NEW YORK CITY HOUSING
DEVELOPMENT CORPORATION; ERIC
ENDERLIN; THADDEUS PIEKARSKI;
JOSPEHINE LOGOZZO; K&R REALTY
MANAGEMENT; MICHELLE CAVAZZA;
CHRIS ALLRED; ROBERT EZRAPOUR;
J2 OWNER LLC; ARTEMIS
CONSTRUCTION; JAMES
SPITHOGIANNIS; L'ABATTE, BALKAN,
COLAVITA & CONTINI, LLP,

               Defendants.
--------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-6114 (RPK) (LB)

RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Terrance Dixon brings this suit against twelve defendants—the New York

City Housing Development Corporation ("HDC"); Eric Enderlin; Thaddeus Piekarski; Josephine

Logozzo; K&R Realty Management; Michelle Cavazza; Chris Allred; Robert Ezrapour; J2 Owner

LLC; Artemis Construction; James Spithogiannis; and L'Abbate, Balkan, Colavita & Contini, LLP

("LBCC")—alleging violations of federal and state law arising from the denial of his application

for affordable housing.  For the reasons stated below, defendants' motions to dismiss the complaint

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) are granted.[*]

## BACKGROUND

    The following factual allegations are taken from plaintiff's complaint and state court

submissions and orders, to the extent they are subject to judicial notice.  *See, e.g.*, *Dixon v. von*

---

[*] Because the complaint is dismissed, plaintiff's motion for partial summary judgment is denied as moot.

*Blanckensee*, 994 F.3d 95, 103 n.6 (2d Cir. 2021) (taking judicial notice of the "fact that the state court dismissed [a litigant's] claims on specified grounds" but not "any historical facts referenced in the state court order"); *see also Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

## I.    Factual Background

HDC is a New York state "public benefit corporation" that runs an affordable housing lottery. Am. Compl. 2 (Dkt. #24); *see* N.Y. Priv. Hous. Fin. Law § 653. In March 2022, plaintiff applied to rent an affordable housing unit through HDC's lottery. Am. Compl. 5. J2 Owner LLC owned the unit to which plaintiff applied, while K&R Realty managed it. *See id.* at 2–3. As part of its management duties, K&R Realty was responsible for selecting a tenant. *See id.* at 2.

During the application process, plaintiff communicated with Michelle Cavazza, a marketing agent for K&R Realty. Am. Compl. 3, 5. Cavazza informed plaintiff that, because the documentation he had submitted "indicate[d] [he] would be under income for the unit," K&R Realty could not "proceed with [his] application." *Id.* at 6. Cavazza then stopped communicating with plaintiff. *See id.* at 6, 8.

Plaintiff appealed K&R Realty's denial of his application to HDC. *See id.* at 8. HDC denied plaintiff's appeal on the ground that "[t]he documents [he] provided" to K&R Realty showed that his "historical earnings" were "below the minimum income limit for any unit in the project." *Ibid.*

In June 2022, plaintiff filed a petition challenging HDC's decision in state court pursuant to Article 78 of New York's Civil Practice Law and Rules, which authorizes New York courts to review state administrative actions. *Id.* at 9; *see* N.Y. C.P.L.R. §§ 7801–06. The petition asserted

that HDC failed to follow Department of Housing and Urban Development ("HUD") guidelines when calculating plaintiff's income. Decl. of Isabella J. Kendrick (Dkt. #43) ("Kendrick Decl."), Ex. A 11 (Dkt. #43-1) ("Art. 78 Pet.").

At the Article 78 hearing, HDC—through its employees Thaddeus Piekarski and Josephine Logozzo—"misrepresented" plaintiff's income as well as its authority over K&R Realty. Am. Compl. 10.

The state court initially dismissed plaintiff's petition, *see* Kendrick Decl., Ex. B (Dkt. #43-2) ("Aug. 4, 2022, State Ct. Order"), but then granted plaintiff's renewal motion on the ground that "facts pertaining to [plaintiff's] income sources were previously overlooked," Kendrick Decl., Ex. C 3 (Dkt. #43-3) ("Oct. 13, 2022, State Ct. Order"). The court also ordered HDC "to conduct an additional review" of plaintiff's application, "while taking all income documents submitted by [plaintiff] into consideration." *Id.* at 4.

HDC began conducting an additional review in October 2022. *See id.* at 10. During that process, plaintiff communicated with K&R Realty employee Christopher Allred. *See id.* at 10–11. Allred "stop[ped] responding" to plaintiff on November 7, 2022. *Id.* at 11. On November 17, 2022, however, HDC notified plaintiff that he qualified for a studio apartment and advised him that if he was "interested in being processed for a studio," he should "contact the marketing agent directly." *Ibid.* Plaintiff followed up with Allred but did not receive a response. *Ibid.*

Plaintiff filed a motion in the Article 78 court to "hold [HDC] in contempt of Court, order sanctions, and compel [HDC] to award [him] a one-bedroom unit" rather than a studio. Kendrick Decl., Ex. D 2 (Dkt. #43-4) ("Dec. 19, 2022, State Ct. Order"). In December 2022, the court denied plaintiff's motion on the ground that HDC "ha[d] not violated" its previous order directing HDC "to conduct an additional review" of its denial of plaintiff's application, "while taking all income documents submitted by [plaintiff] into consideration." *Id.* at 4. Plaintiff filed a series of

3

motions challenging the court's December 2022 order including two motions to renew his motion to hold HDC in contempt, *see* Kenrick Decl., Ex. E (Dkt. #43-5) ("Jan. 30, 2023, State Ct. Order"); Kendrick Decl., Ex. F (Dkt. #43-6) ("Feb. 15, 2023, State Ct. Order"), and another motion to hold HDC in contempt, *see* Kendrick Decl., Ex. G (Dkt. #43-7) ("Aug. 9, 2023, State Ct. Order").  The Article 78 court denied each of those motions.  *See* Jan. 30, 2023, State Ct. Order 4; Feb. 15, 2023, State Ct. Order 4; Aug. 9, 2023, State Ct. Order 3.  Plaintiff also moved for default judgment against HDC, and the Article 78 Court denied that motion.  *See* Kendrick Decl., Ex. H 1 (Dkt. #43-8) ("Sept. 25, 2023, State Ct. Order").

In January 2023, plaintiff filed a new action in state court against HDC, Piekarski, Logozzo, K&R Realty, and Allred.  *See* Kendrick Decl., Ex. K (Dkt. #43-11) ("State Ct. Compl."); Kendrick Decl., Ex. M (Dkt. #43-13) ("July 24, 2023, First State Ct. Order"); Decl. of James Spithogiannis (Dkt. #34-1) ("Spithogiannis Decl."), Ex. K (Dkt. #34-12) ("July 24, 2023, Second State Ct. Order").  He alleged violations of 42 U.S.C. §§ 1982, 1983, and 1985(3), the Fair Housing Act ("FHA"), *see id.* § 3601 *et seq.*, and state law.  *See* State Ct. Compl.  The court dismissed the action in July 2023, holding that it was "barred as against HDC, Thaddeus Piekarski, and Josephine Logozzo, by the doctrine of res judicata," July 24, 2023, First State Ct. Order 3, and that plaintiff had failed to establish that he had properly served any of the defendants, *ibid.*; July 24, 2023, Second State Ct. Order 2.

## II.   Procedural Background

Plaintiff filed this lawsuit in August 2023.  He brings claims under federal and state law against HDC, Eric Enderlin (HDC's president), Piekarski, Logozzo, J2 Owner LLC, K&R Realty, Robert Ezrapour (K&R Realty's chief executive), Cavazza, Allred, Artemis Construction (a development company under Ezrapour's "control"), LBCC (a law firm that represented K&R Realty in state court), and James Spithogiannis (a lawyer at LBCC).  Am. Compl. 2–3.

Plaintiff alleges that, during the Article 78 proceedings, defendants made misrepresentations in court, raised frivolous defenses, and improperly sought adjournments or dismissals. *See* Am. Compl. 17, 24–26, 31–34, 43–46. He also alleges that defendants violated several laws in their review of his application for a one-bedroom unit and in their acceptance of federal funds. *See id.* at 14–18, 21–24, 29–31, 33–37, 39–42, 42–43. Based on those allegations, he brings claims under (i) 42 U.S.C. §§ 1982 and 1983, *see* Am. Compl. 14–15; (ii) the FHA, *see* Am. Compl. 16–18, 39–42; (iii) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), *see* 18 U.S.C. § 1961; *see also* Am. Compl. 18–21; and (iv) state law, *see* Am. Compl. at 21–31, 33–39, 42–43.

Defendants moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* K&R Mot. to Dismiss (Dkt. #35); HDC Mot. to Dismiss (Dkt. # 42-1).

While defendants' motions to dismiss were pending, plaintiff filed a motion for partial summary judgment against HDC, Enderlin, Piekarski, and Logozzo. *See* Pl.'s Mot. for Partial Summ. J. (Dkt. #65). Those defendants moved to strike the motion. *See* May 8, 2024, Letter Mot. (Dkt. #66).

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must show that the Court has "the statutory or constitutional power to adjudicate" the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

Under Federal Rule of Civil Procedure 12(b)(6), a court must grant a motion to dismiss for failure to state a claim if the complaint does not contain "enough facts to state a claim to relief that

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint fails to plausibly state a claim and is properly dismissed when "the allegations in a complaint, however true, could not raise a claim of entitlement to relief" as a matter of law, *Twombly*, 550 U.S. at 558, or when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" as a matter of law. *Iqbal*, 556 U.S. at 679.

The complaint of a *pro se* plaintiff must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). *Pro se* status, however, does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In reviewing a motion to dismiss, a court may consider only (i) the complaint itself, (ii) documents attached to the complaint or incorporated by reference, (iii) documents the plaintiff both relied on and knew of when bringing suit, and (iv) matters in the public record which are properly subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999).

# DISCUSSION

Defendants' motions to dismiss the complaint are granted.  The *Rooker-Feldman* doctrine does not bar this Court from reviewing plaintiff's federal-law claims, but those claims are dismissed for failure to state a claim.  And I decline to exercise supplemental jurisdiction over plaintiff's state-law claims.

## I.        Federal Claims

The Court has jurisdiction over plaintiff's federal causes of action, but they are dismissed for failure to state a claim.

### A. *Rooker-Feldman* Does Not Preclude Review of the Plaintiff's Federal Claims.

Defendants err in contending that the Court lacks jurisdiction over plaintiff's federal claims under the *Rooker-Feldman* doctrine.  *See* K&R Mot. to Dismiss 10–13; HDC Mot. to Dismiss 11–13.

The *Rooker-Feldman* doctrine derives from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  "Together, those cases 'established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments.'"  *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005)).  For a claim to be barred, "four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced."  *Id.* at 644–45 (citing *Hoblock*, 422 F.3d at 85).

Though plaintiff alleges that defendants made misrepresentations and otherwise committed misconduct in state court, those allegations "speak not to the propriety of the state court judgments,

but to the fraudulent course of conduct that defendants pursued in obtaining such judgments." *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94–95 (2d Cir. 2015).  They therefore do not invite review of those judgments.  *See ibid.*  Nor do his claims alleging that defendants violated state and federal law in reviewing his application and accepting federal funds.  Though plaintiff raised similar claims in state court, "*Rooker-Feldman* . . . does not deprive a district court of subject-matter jurisdiction 'simply because a party attempts to litigate in federal court a matter previously litigated in state court.'"  *Hoblock*, 422 F.3d at 86 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)).

**B.  Plaintiff's Federal Claims Are Dismissed for Failure to State a Claim.**

Because plaintiff has failed to state a claim under any of the federal causes of action alleged in his complaint, his federal claims are dismissed.

*Section 1982 Claim.*  Plaintiff fails to state a Section 1982 claim because he does not "allege facts supporting [defendants'] intent to discriminate against him because of his race," *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 80 (2d Cir. 2021) (citation omitted).  Plaintiff alleges that defendants use "community preferences" that "inadvertently" favor "applicants currently residing in a zip code," thereby "creat[ing] racial barriers and disparities."  Am. Compl. 14–15.  And though plaintiff's opposition brief asserts, in a conclusory manner, that defendants "intentionally off[ered] a community preference" that "steer[s] races of . . . certain communities to stay within that community," Pl.'s Opp'n to HDC Mot. 15 (Dkt. #53), he does not allege any facts supporting the inference that defendants used "community preferences" for the purpose of discriminating against plaintiff on the basis of race.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

*Section 1983 Claim.*  Plaintiff fails to state a Section 1983 claim because he does not sufficiently "allege the violation of a right secured by the Constitution and laws of the United States." *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1998)).  Instead, his complaint contains only the conclusory allegations that "[d]efendants individually and collectively conspired to deprive [p]laintiff of constitutionally and federally guaranteed rights and privileges" and that "[d]efendants have policies in place that are unconstitutional."  Am. Compl. 15.  His opposition briefs add (i) that K&R Realty and its employees engaged in "income discrimination," "family status" discrimination, and "occupancy discrimination," Pl.'s Opp'n to K&R Mot. 5 (Dkt. #38), and (ii) that HDC violated his due process rights by denying his appeal without a hearing, Pl.'s Opp'n to HDC Mot. 15.  But even if plaintiff's complaint were liberally construed to allege unlawful discrimination in violation of the Fourteenth Amendment, that claim fails because he does not allege any facts establishing that he "suffered purposeful or intentional discrimination." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 119 (2d Cir. 2004) (citing *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264–65 (1977)).  And plaintiff's due process claim fails because plaintiff has not alleged the deprivation of a "liberty or property interest protected by the United States Constitution or federal statutes." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995).  Plaintiff fails to identify any source of law protecting a property interest in an affordable housing unit of a particular size. *Cf. Lindsey v. Normet*, 405 U.S. 56, 74 (1972) (holding that the Constitution contains no "guarantee of access to dwellings of a particular quality").

*FHA Claims.*  Plaintiff fails to state a claim under Sections 3631, 3604, and 3617 of the FHA.

First, Section 3631 is "the criminal provision of the FHA," *Mee Wah Chan v. Nashty*, No. 08-CV-1089 (CBA), 2009 WL 10700936, at *3 (E.D.N.Y. July 31, 2009) (citing

42 U.S.C. § 3631), and "federal criminal statutes do not provide private causes of action," *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Second, plaintiff fails to state a claim for discrimination under Section 3604. To state such a claim, a plaintiff must "plausibly allege . . . at least minimal support for the proposition that" the defendant's actions were "motivated by discriminatory intent." *Francis*, 992 F.3d at 73. Plaintiff alleges that defendants' "refusal to make a proper unit size available to him" constituted "family size discrimination" because defendants were "aware" that plaintiff has a son. Am. Compl. 16. But defendants' "mere awareness" of plaintiff's family size "does not provide sufficient support for [his] allegation of discriminatory intent." *Palmer v. Fannie Mae*, 755 F. App'x 43, 46 (2d Cir. 2018). Plaintiff also alleges that defendants "hav[e] more stringent policies for self employed individuals," Am. Compl. 42, yet he fails to allege any facts supporting the inference that those policies are motivated by an intent to discriminate based on race, color, religion, sex, familial status, or national origin, *Francis*, 992 F.3d at 71, 73. Finally, plaintiff cites Section 3604(c)'s prohibition against discriminatory notices, statements, and advertisements, but he fails to identify any particular notice, statement, or advertisement that violates the prohibition. *See* Am. Compl. 40. He has therefore failed to "plead[] factual content that allows the court to draw the reasonable inference that [defendants] are liable for the misconduct alleged." *Iqbal*, 556 at 678.

Third, plaintiff fails to state a claim under Section 3617, which makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by section 3603, 3604, 3605, or 3606" of the FHA. 42 U.S.C. § 3617. To state a claim for retaliation under Section 3617, a plaintiff must plausibly allege that he was "engaged in protected activity," that the defendant "was aware of this activity," that the defendant "took adverse action against the plaintiff," and that "a causal connection exists between the protected activity and the adverse

10

action." *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 54 (2d Cir. 2002) (quoting *Sands v. Runyon*, 28 F.3d 1323, 1331 (2d Cir. 1994)), *superseded by statute on other grounds*, ADA Amendments of 2008, Pub. L. No. 110-325, 122 Stat. 3553.

Plaintiff has failed to plausibly allege a retaliation claim under those principles.  Plaintiff asserts that K&R Realty, Cavazza, and Allred retaliated against him "for exercising rights under [the] FHA to file complaints and litigation" because they "ceas[ed] communication[s]" and "offer[ed him] a unit smaller than" the one to which he was "entitled."  Am. Compl. 17.  And he alleges that Logozzo and Piekarski retaliated against him for exercising his rights under the FHA by making misrepresentations during the Article 78 hearing.  *Ibid.*  But he does not plausibly allege that he engaged in any protected activity with a causal connection to those actions.  To start, he alleges that Cavazza stopped communicating with him *before* he filed his Article 78 petition or initiated any other litigation.  *See* Am. Compl. 6.  He therefore has not alleged that the Article 78 petition or any ensuing litigation are causally connected to Cavazza's alleged failure to communicate.  *See, e.g.*, *Thomas-Tupper v. Cath. Charities*, No. 22-689, 2023 WL 4044101, at *2 (2d Cir. June 16, 2023) (holding that a plaintiff "failed to demonstrate a prima facie case of retaliation" under Section 3617 where adverse actions occurred "before" the protected activity).  Though the other alleged adverse actions plaintiff cites occurred after he filed the Article 78 petition, *see* Am. Compl. 10–11, he does not sufficiently allege that the petition was protected activity.  While the petition asserts that HDC failed to follow HUD's guidelines for calculating income, it does not assert that HDC violated the FHA or any fair housing guidelines.  *See generally* Art. 78 Pet.  It therefore does not "constitute opposition to an act or practice made unlawful by" the FHA.  *Reg'l Econ. Cmty. Action Program, Inc.*, 294 F.3d at 54 (citation and brackets omitted) (defining "protected activity").   Nor does plaintiff allege any other FHA-protected activity

predating defendants' alleged adverse actions.  *See generally* Am. Compl.  He has accordingly failed to state a claim for retaliation under Section 3617.

**RICO Claim.**  Plaintiff fails to state a RICO claim because he does not plausibly allege that defendants committed "a substantive RICO violation under [18 U.S.C.] § 1962." *Skyes*, 780 F.3d at 83 (quoting *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 117 (2d Cir. 2013)). To plead a substantive violation of the RICO statute under Section 1962, a plaintiff must allege "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Williams v. Affinion Grp., LLC*, 889 F.3d 116, 123–24 (2d Cir. 2018) (quoting *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983)); *see* 18 U.S.C. § 1962(a)–(c).

Plaintiff alleges a pattern of racketeering activity consisting of wire fraud, in violation of 18 U.S.C. § 1343, and mail fraud, in violation of 18 U.S.C. § 1341, *see* Am. Compl. 19–21, "which are subject to the heightened pleading requirements of Fed. R. Civ. Proc. 9(b)." *Knoll v. Schectman*, 275 F. App'x 50, 51 (2d Cir. 2008) (citing *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004)).  Under those requirements, a plaintiff "alleging fraud . . . must state with particularly the circumstances constituting fraud," Fed. R. Civ. Proc. 9(b), including "the contents of the [allegedly fraudulent] communications, who was involved, where and when they took place, and . . . why they were fraudulent." *Knoll*, 275 F. App'x at 51 (alteration added) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993).  Plaintiff, however, alleges only that "[d]efendants commit[ted] . . . wire fraud through the receiving and transmitting of federal funds . . . under the false pretenses of being compliant" with "non[-]discriminatory practices" and that they "committed . . . mail fraud on December 23, 2019[,] and every year thereafter through compliance renewal." Am. Compl. 19–21.  Those allegations do not

satisfy Rule 9(b)'s requirements.  *See, e.g.*, *Knoll*, 275 F. App'x at 51 (holding that a plaintiff bringing a RICO claim failed to allege mail and wire fraud even though his complaint "set[] forth the dates, locations, senders and recipient of the allegedly fraudulent communications" because his "assertions as to their contents and the reason each communication was fraudulent [were] conclusory").

Plaintiff also suggests that defendants engaged in a pattern of racketeering activity consisting of witness tampering, in violation of 18 U.S.C. § 1512, and witness retaliation, in violation of 18 U.S.C. § 1513, by "retaliat[ing] against plaintiff . . . for commencing this case." Am. Compl. 21.  But because plaintiff does not allege how defendants retaliated against him, *see ibid.*, he has failed to "plead[] factual content that allows the court to draw the reasonable inference that [defendants are] liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678.

Plaintiff's federal-law claims are accordingly dismissed.

### C. I Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State-Law Claims.

Because I have dismissed all the federal claims, I decline to retain jurisdiction over plaintiff's state-law claims.  Under 28 U.S.C. § 1367(c)(3), "a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." Four factors bear on whether it is appropriate to exercise supplemental jurisdiction: "judicial economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018).  As a general matter, where "a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." *Brzak v. United Nations*, 597 F.3d 107, 113– 14 (2d Cir. 2010); *see Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013).  Plaintiff does not provide a persuasive reason to depart from the usual practice of declining to exercise supplemental

jurisdiction once federal claims are dismissed. *See* Pl.'s Opp'n to HDC Mot. 18 (arguing that the Court should exercise supplemental jurisdiction since "this matter . . . addresses constitutional issues"); *accord* Pl.'s Opp'n to K&R Mot. 9 (Dkt. #38).  Accordingly, I decline to exercise supplemental jurisdiction over plaintiff's state-law claims.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) are granted and the motion for summary judgment is denied as moot.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: August 13, 2024
      Brooklyn, New York